Ex Parte PETERSON.

[APPLICATION FOR PROHIBITION.]

</div>

1. *When prohibition lies to circuit judge.*—The supreme .court will not award a prohibition, to restrain proceedings under a rule *nisi* for a *mandamus*, issued by circuit judge to the probate court, because the statute (Code, § 629) authorizes circuit judges to grant writs of *mandamus ;* but the writ will be awarded to vacate and annul an order for a *supersedeas*, granted by such circuit judge, to restrain proceedings under an execution issued on a decree of the probate court until such application for a *mandamus* could be heard in the circuit court.

2. *Judicial notice of judicial officers.*—The supreme court will take judicial notice of the resignation of a circuit judge.

APPLICATION for a prohibition, or other remedial process, to the Hon. WM. M. BROOKS, late judge of the first judicial circuit, to restrain further proceedings under certain orders of said judge alleged to be unauthorized. The petitioners were Sarah Peterson, Tabitha Peterson, Thos. Peterson, and Lawrence Peterson, minors suing by their next friend; and the facts on which they predicated their right to the relief sought, as shown by their petition and the accompanying transcripts, are as follows: On the 3d May, 1858, the probate court of Dallas rendered four separate decrees, one in favor of each of the petitioners, against one Tilman Watson, their guardian, on final settlement of his guardianship. Executions were duly issued on these decrees, against said guardian and the sureties on his bond, James Davis and Daniel Davis, and were levied by the sheriff of Butler on certain slaves belonging to the said sureties. On the 15th July, 1858, the said James and Daniel Davis applied to the Hon. William M. Brooks, then judge of the first judicial circuit, which does not include said county of Dallas, for a *mandamus* and *supersedeas*, to restrain further proceedings under said executions, and to quash and annul them and the decrees on which they were issued; alleging that said decrees, for reasons set forth in their petition, were wholly unauthorized and void. In accordance with the prayer of said petition, Judge Brooks granted a rule *nisi* to the probate judge of Dallas, to show cause why a *mandamus* should not issue to quash and vacate said executions and decrees; and ordered said probate judge to issue a *supersedeas*, to restrain further proceedings under said executions. To vacate these orders, and to restrain further proceedings under them, is the object of the application to this court.

GEO. W. GAYLE, for the petitioners.

JNO. D. F. WILLAMS, *contra.*

STONE, J.—In *Ex parte* Greene and Graham, 29 Ala. 52, 58, we said, the writ of prohibition is "never to be resorted to, except in cases of usurpation or abuse of power, and not then, unless other remedies are ineffectual to meet the exigencies of the case." We said further, "our power under this application is confined to the inquiry, has the inferior tribunal assumed to act upon a matter, or upon the rights of a party, that could not be determined, or proceeded against in that forum."—See, also, *Ex parte* Morgan Smith, 23 Ala. 94; *Ex parte* Walker, 25 Ala. 81.

We will first consider the power of this court to prohibit Hon. Wm. M. Brooks, late judge of the first judicial circuit, from proceeding in the matter of *mandamus* to the probate court of Dallas.

In the case *Ex parte* Greene and Graham, *supra*, we further added, "The bill may abound in imperfections; may be fatally wanting in necessary averments, or may be instituted in a district in which the defendants are not liable to be sued. These, if they exist, are proper matters of defense, and cannot be reached by this extraordinary process." The plain import of this principle is, that if the inferior tribunal have jurisdiction to issue a writ, or make an order, such as is complained of—there, a mistaken exercise of the jurisdiction, or a misapplication of this acknowledged jurisdiction, even though the case made by the petition is fatally defective, will not justify a resort to the extraordinary process of prohibition.

Under the Code, (§ 629, subd. 1,) circuit judges have authority to grant writs of *mandamus*. The rule to show cause why a *mandamus* should not issue in this case was granted by a circuit judge, and we think the case comes within the above principle. We are not able to perceive a distinction between the legal question we are considering, and the case of an injunction granted by an officer who is authorized by law to grant injunctions. The bill may be fatally defective—may contain no grounds for equitable relief; yet this court would not arrest the proceedings before the chancellor by writ of prohibition. On the other hand, if the injunction were granted by one

having no authority to make the order, we would award a prohibition, notwithstanding the bill might present a state of facts which called for equitable interposition. *Ex parte* Morgan Smith, *supra*.

For the reasons above stated, we decline to award the writ of prohibition, to arrest the proceedings under the rule to show cause why a *mandamus* should not issue. If that rule was improperly issued, the circuit court of Dallas can correct the error; and if it fail to do so, the case can be brought to this court by appeal.

The *supersedeas* granted by the circuit judge in this case stands on a different principle. That order was made, not with a view to permanent relief in the circuit court through that process. It is not even returnable to that court. Its purpose seems to have been to suspend proceedings under the decrees of the probate court of Dallas, until the application for *mandamus* could be heard in the circuit court. It is, in its effect, very like an interlocutory injunction. Whilst all courts have the power to prevent abuse and undue oppression under their own process, we know of no statute or rule of law which authorizes judges of the circuit court, in the form pursued in this case, to suspend or supersede executions from the probate court. We think, in this matter, the circuit judge acted entirely without his jurisdiction; and to restrain that unauthorized exercise of authority, we award the writ of prohibition.—3 Bla. Com. (side page) 112.

The writ of prohibition, says Mr. Blackstone, is directed to the judge and parties of a suit in an inferior court. Com. vol. 2, p. 112; *Ex parte* Greene and Graham, *supra*. In the case of *Ex parte* Smith, 23 Ala. 94, 121, this court ordered Chancellor Lesesne, not only *to cease from the prosecution* of said proceedings, but went further, and commanded and enjoined him, *without delay, to revoke and annul, or cause to be revoked and annulled the order made, &c.*

In the present case, it is judicially known to us that since Judge Brooks made the order for a *supersedeas*, his office as circuit judge has ceased by his resignation. The order was made by him as circuit judge, and not by a

circuit court. The order being made by him as circuit judge, power or jurisdiction over the subject did not pass to his successor, nor to any other circuit judge. The case is now pending, not before him, but in another tribunal. Nor should we assume to issue a writ of prohibition in this case, to the probate court of Dallas. If that tribunal had voluntarily suspended its own execution, such order could at most have been irregular, because that court has jurisdiction over its own process, to prevent abuse or undue oppression under it. Obeying, as it did, a circuit judge in the matter of the *supersedeas*, this could not oust its jurisdiction, or convert the order into a usurpation by that tribunal. The abuse of power was by the circuit judge. The order of the circuit judge being vacated, however, the powers of the probate court to proceed under its own decrees will stand restored to the state they were in before the order for *supersedeas* was granted.

This court, accommodating its relief to the exigencies of this case, doth hereby order, adjudge, and decree, that the said parties, James Davis and Daniel Davis, cease from the prosecution of said writ of *supersedeas*, so granted by Hon. Wm. M. Brooks. It is further ordered and adjudged, that the said order for *supersedeas* be vacated, annulled, and held for naught.

Let the said James Davis and Daniel Davis pay the costs of this proceeding.