## HILL BEACHY *v*. B. F. LAMKIN.

OFFICER.—Proceedings against an officer for neglect of duty, being a personal default, will by no means involve his successor.

COSTS.—In no event could this court render judgment against the territory for costs, there being no mode of enforcing it, or process by which it could be made effective.

FROM the first judicial district, Nez Perce county.

Suit instituted April 12, 1864, to compel defendant, as territorial auditor, to audit an account against the territory, and to number the same four and a half ($4\frac{1}{2}$), in order to get payment in advance of other accounts already audited and numbered. After some interlocutory motions and proceedings, the following order was made by the presiding judge, on May 2, 1864:

On hearing the above cause, it is ordered that a mandamus issue to the said B. F. Lamkin to audit the claim of said Beachy and number it four and one half ($4\frac{1}{2}$). And the said cause is hereby remanded to the supreme court, and the clerk will send all the papers in this case to the clerk of the supreme court. And the auditor, the said B. F. Lamkin, is hereby authorized to audit the claim of E. F. Gray, and the costs of this suit against the territory. This is, however, in no way to conflict with any payment heretofore made by the treasurer, but to take precedence of all the claims allowed and not paid prior to the issue of the alternative mandamus.                 ALECK C. SMITH,

Judge First Judicial District.

Upon this order the transcript comes into this court. Whereupon the following stipulation was entered into by the parties subscribing the same:

June 2, 1866. Now on this day comes H. B. Lane, controller of Idaho territory, and successor to B. F. Lamkin, former auditor of said territory, and the said H. B. Lane representing the said officer, and Hill Beachy by A. Heed, his attorney, and hereby stipulate and agree that the appeal heretofore taken in the above-entitled action be dismissed, at the costs of the said territory of Idaho.

H. B. LANE,

Territorial Controller.

HILL BEACHY,

Per A. HEED, Attorney.

McBRIDE, C. J., delivered the opinion of the court, KELLY, J., and SMITH, J., concurring.

This action was brought to compel the defendant by mandamus to perform an official act which plaintiff alleges he had failed and neglected to do. The case was determined by the district court of the first judicial district, in favor of the plaintiff, and the judge thereafter, upon his own motion, ordered his clerk to transmit the papers and record to this court.

The plaintiff Beachy, and one H. B. Lane, who claims to

be the successor in office of the defendant, now move by a stipulation on file to dismiss the case from the calendar and for judgment against the people of the territory for costs.

This motion must be denied. The case is not in this court at the instance of the parties, and while the court would, on an intimation that the merits of the case were no longer in issue, probably dismiss it, the parties have not, as in other cases brought here on their own motion, the right to have it dismissed. But the objection to the motion is conclusive in another point of issue.

Mr. Lane, even if he were the successor in office of Mr. Lamkin, would not be a proper party to this record. The proceeding was against Lamkin for neglect of duty, and, being a personal default, would by no means involve his successor. Lamkin was proceeded against for a personal failure to perform a duty charged as required by law. Mr. Lane, who has been guilty of no such neglect of duty, could not be made responsible for the faults, however grievous, of his predecessor. In no event could this court render a judgment against the territory for costs. We have no means of enforcing it, there being no process by which it could be made effective.

If the territory is liable for costs, the account must be presented in the usual way and the liability discharged as all others are. An execution could not issue, and the judgment would be entirely nugatory and void.

Motion denied.