State ex rel. Fisk vs. Police Jury.

No. 9821.

THE STATE EX REL. JOSIAH FISK VS. POLICE JURY, PARISH OF JEF-
FERSON.

A mandamus made peremptory against the police jury of a division of a parish, may be en-
forced after a consolidation of the divisions of the same parish, against the police jury of
the parish thus formed.

APPEAL from the Twenty-sixth District Court, Parish of Jefferson.
Rost, J.

*Chas. Louque*, for the Relator and Appellee.
*James D. Coleman*, for the Respondent and Appellant.

The opinion of the Court was delivered by

TODD, J.   The police jury of the parish of Jefferson is appellant
from a judgment dismissing a rule to quash and set aside a peremp-
tory mandamus issued against it at the instance of the relator.

The relator, a judgment creditor of the parish of Jefferson, (left
bank), obtained a writ of mandamus for the enforcement of his claims,
which was maintained by a judgment of the Supreme Court of the
United States on a writ of error from this court, which judgment
directed this court to frame a decree conformable to the judgment and
opinion of the court.

Accordingly a motion was made in this court to execute the judg-
ment of the Supreme Court of the United States, and notice of such
motion was directed to be served on the police jury of the parish of
Jefferson and the district attorney for said parish, which was done,
and contradictorily with said parties, a decree was rendered by this
court on the 10th of May, 1886, to the end and for the purpose afore-
said.

Shortly thereafter a rule was taken by the police jury of Jefferson to
vacate said decree, and have its nullity, as also that of the judgment
of the United States Supreme Court declared, on the ground that the
said police jury of Jefferson was not a party to the proceeding in
which said judgment was rendered, that said proceeding was instituted
and conducted against the police jury of the parish of Jefferson (left
bank), and that said judgment could not, therefore, embrace or affect
the parish of Jefferson, or its present police jury.

It appears that during the pendency of this proceeding in the courts,
the divisions of the parish of Jefferson known as right and left bank,
by an act of the Legislature of the State, known as act 92 of 1884,

were united, constituting the one parish of Jefferson, with one police jury, and this act is cited and relied on by the said police jury of Jefferson as the ground of contention and resistance to the said judgment and to the decree of this court providing for its enforcement.

We note that when the mandate of the Supreme Court of the United States under said judgment, was filed in this court, and the decree of this court for its execution asked for, the police jury of Jefferson, after notice given as above stated, filed an answer to the motion, in which several grounds of opposition to the proposed decree were set up, and among others the special contention urged in the rule before us, viz: That the police jury of the parish of Jefferson was not a party to the said proceeding, in which the judgment was rendered, and that, therefore, the said judgment as to the said parish of Jefferson and its police jury, was an absolute nullity ; and, again, referring to act 92 of 1884, as the ground of the resistance thus urged. The decree of this court made the mandamus peremptory, and in the language of that decree (quoting) ; " The defendant police jury " is ordered to levy the tax to pay relator's judgment.

Considering that there was no other defendant before this court opposing the proposed decree, and that the legislative act referred to was specially cited and relied on by this defendant in the pleadings stated, and that by the express terms of that act the police jury of Jefferson was made the successor of the police juries of Jefferson (right and left bank), abolished by the act, there can be no doubt that the decree aforesaid was directed against the present police jury of the parish of Jefferson. Nor can there be any less doubt of the correctness of the decree in this respect, inasmuch as this body is, as stated, the legal successor of the original defendant in the proceeding, and is directed by the act cited to adjust the indebtedness contracted by the police juries of Jefferson (right and left bank). Furthermore, it appears that the judgment appealed from, in exact conformity to said act, whilst directing the police jury of Jefferson to levy the required tax, limited the levy to the property embraced in the former political division of the parish as now constituted, known as Jefferson (left bank). We find no error in the judgment appealed from, and it is therefore affirmed with costs.

Poché, J.    I dissent from the opinion and decree of the majority in this case, and will file my reasons later.