[No. 14540. In Bank. — October 2, 1891.]

MAGGIE LEACH, EXECUTRIX, ETC., PETITIONER, v. JOHN R. AITKEN, RESPONDENT.

MANDAMUS — SETTLEMENT OF BILL OF EXCEPTIONS — EXPIRATION OF TERM OF JUDGE. — The judge before whom an action is tried cannot be compelled by a writ of *mandamus* to settle a bill of exceptions in the action after the expiration of his term of office, although he is authorized by statute to settle such bill.

ID. — POWER OF LEGISLATURE. — The legislature cannot enjoin upon a private citizen the duty of settling a bill of exceptions, nor require a judge to continue to discharge judicial duties after his term of office has expired, though it may authorize him to settle such bill.

ID.— OFFICIAL DUTY.— No person can be compelled to perform judicial or official duties, unless he is a judge or other officer at the time when the duty is required to be performed.

APPLICATION to the Supreme Court for a writ of mandate. The facts are stated in the opinion of the court.

*Wellborn, Parker & Stevens,* and *Haines & Ward,* for Petitioner.

*Luce & McDonald,* and *Works, Gibson & Titus,* for Respondent.

SHARPSTEIN, J. — Application for a writ of mandate to issue out of this court, commanding respondent to settle a bill of exceptions.

The only question to be considered is, whether respondent, who was the judge before whom an action was tried, can be *compelled,* after his term of office has expired, to settle a bill of exceptions in such action.

The code authorizes him to "settle and sign a bill of exceptions after as well as before he ceases to be such judge or judicial officer." (Code Civ. Proc., sec. 653.)

A writ of mandate may be issued to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. (Code Civ. Proc., sec. 1085.)

"It is the very essence of this proceeding that there be some officer or officers in being, having the power, and whose duty it is, to perform the act. If there be no such officers, it is obvious that the writ cannot go, nor the mandate of the court be enforced." (*State* v. *Supervisors,* 21 Wis. 280.)

Respondent holds no office, trust, or station, therefore no duty is enjoined on him which can be said to result from an office, trust, or station.

The legislature could not enjoin upon a private citizen the duty of settling a bill of exceptions, nor require a person who had been a judge to continue to discharge judicial duties after his term of office had expired. The legislature might authorize him to perform such an act

as it has authorized him to perform in settling a bill of exceptions; but it could not enjoin it upon him as a duty. No person can be compelled to perform judicial or official duties, unless he is a judge or other officer at the time when the duty is required to be performed.

We cannot issue a writ of mandate to compel any one, other than an officer, to perform an official act.

Application denied.

DE HAVEN, J., GAROUTTE, J., HARRISON, J., PATERSON, J., and BEATTY, C. J., concurred.