## STATE *ex rel.* EVANS v. SHEA, *Judge.*

### No. 2097.   Opinion Filed May 9, 1911.

1. **COURTS—Jurisdiction—District Courts—Suspension of Officers.** Section 2630 of Wilson's Rev. & Ann. Statutes, conferring upon the district courts original jurisdiction of all actions arising under section 2628 of said statutes, and all that portion of section 2631 conferring upon the district courts in all actions arising under section 2628 authority to suspend from office district, county, city, and township officers, pending the determination of such action, was not extended in force upon the admission of the state, because repugnant to section 12, article 7, of the Constitution.

2. **EVIDENCE—Judicial Notice—Terms of District Judges.** This court will take judicial notice that the term of a district judge has, pending an application for a writ of prohibition, expired and a successor has been elected and qualified under the provisions of the statute and Constitution.

3. **PROHIBITION—Action Against Judge—Expiration of Term of Office—Abatement.** An action for a writ of prohibition against a district judge to prohibit and restrain further proceeding in a prosecution for a misdemeanor in a district court and to suspend relator from office contrary to law, is not abated by the fact that

the term of the district judge against whom the writ is asked expires before the writ is issued.

(Syllabus by the Court.)

### Original Action for Writ of Prohibition.

Action by the State, on the relation of James P. Evans, against John J. Shea, Judge of the District Court, Osage County. Writ granted.

*King & Shinn,* for relator.
*L. F. Roberts,* for respondent.

HAYES, J.   This action is brought originally in this court upon the petition of relator for a writ of prohibition against respondent as judge of the district court of Osage county, restraining and prohibiting him as judge of said court from proceeding further in a certain cause pending in that court, whereby it is sought to convict relator of a certain offense against the laws of the state, and wherein an order has been made suspending him from the office of city marshal of the city of Pawhuska, and to restrain and prohibit said judge from the enforcement of said order of suspension.   A rule to show cause was issued upon the filing of relator's petition, and an answer thereto has been filed by respondent.    There is no controversy about the facts involved. The sole questions involved are questions of law as to the jurisdiction of the district court of Osage county in the prosecution against relator pending therein, and whether this court should exercise its discretion in the issuance of the writ prayed for.

In December, 1909, an information was filed by the county attorney of Osage county in the court of which respondent is judge, by which relator is charged with knowingly, wilfully, wrongfully, and unlawfully assisting and encouraging certain persons to engage in and participate in gambling games with cards and poker chips by betting money thereon, against the peace and dignity of the state, while he was the duly elected, qualified, and acting city marshal of the city of Pawhuska in said county. Whereupon a warrant was issued, which was duly served by the

sheriff of the county by arresting and carrying the body of relator before the court. Thereafter an amended complaint was filed in the action by the county attorney, setting up the facts alleged in the original information as constituting an offense and with a prayer that relator be cited and ordered to appear and show cause why he should not be suspended and removed from his office, and prohibiting him from exercising the functions thereof. Relator appeared and questioned, both by motion and demurrer, the jurisdiction of the court over his person and of the cause of action attempted to be alleged in the information; but, on the introduction of the affidavits of different persons, supporting the charge of the offense alleged in the information, an order was made suspending relator from his office, and the cause continued for the term. Subsequently relator was cited for contempt upon the charge of disobeying said order of suspension; but, after the hearing of the contempt proceeding, he was discharged because of lack of proof that he intended to violate said order.

Counsel for both parties agree that the action in the district court is being prosecuted under sections 2628, 2630, and 2631 of Wilson's Rev. & Ann. Statutes, and no claim is made that the district court has authority under any other statutes to entertain the prosecution against relator or to make the order of suspension heretofore made. Those sections of the statute read as follows:

"Section 2628. Every territorial, district, city, town, village, county or township officer, who shall engage or participate in, or who shall assist or encourage any other person or persons in any kind of gambling, whether the same be by cards, dice, dominoes, billiards, or any game of chance, or a gambling device, by betting money, property or other things of value in such game of chance or gambling device, such officer shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than fifty dollars nor more than five hundred dollars, and shall be adjudged by the court having jurisdiction thereof, to have forfeited his office, and his office shall thereupon be declared vacant."

"Section 2630. District courts shall have original jurisdic-

tion of all actions arising under sections 2628, 2629, and their judgment shall be subject to review as in other cases.

"Section 2631. All actions arising under sections 2628 and 2629, may be commenced in the district court either by indictment or upon written complaint sworn to by any person of adult age; and if at any time after the commencement of such action, it appears to the court from the affidavits of two or more persons that the defendant is guilty of violating any of the provisions of sections 2628 and 2629, the court shall suspend the accused from the functions of his office until the determination of the action; and the. court shall order the clerk to so notify the county commissioners, and thereupon the said county commissioners shall temporarily fill the office by appointment."

It is one of the contentions of relator that the foregoing sections of the statute, in so far as they confer jurisdiction upon the district court of the offense therein named or to make an order suspending any of the officers therein named, is in conflict with that portion of section 12, article 7, of the Constitution which provides that "the county court shall have jurisdiction concurrent with justices of the peace in misdemeanor cases, and exclusive jurisdiction in all misdemeanor cases of which justices of the peace have not jurisdiction"; and therefore they were not, to that extent, extended in force in the state upon its admission into the Union, since, both by provisions of the Enabling Act and the Schedule to the Constitution, laws in force in the territory of Oklahoma at the time of its admission were extended in force in the state only in so far as they were not repugnant to the Constitution and not locally inapplicable.

Section 2628 makes certain acts, when committed by a territorial, district, city, town, village, county, or township officer, an offense and declares the same to be a misdemeanor and authorizes the same to be punished by a fine upon the offender's being adjudged guilty thereof.

Section 2630 confers original jurisdiction of all such offenses upon the district court.

Section 2631 has a three-fold purpose. It first provides the procedure by which prosecutions under section 2628 may be com-

menced in the district court, to wit, by indictment or written complaint sworn to by any person of adult age; and, secondly, it authorizes the court, after such an action has been commenced, upon its being made to appear to the court by the affidavits of two or more persons that defendant is guilty of the offense charged, to suspend him from the functions of his office until the determination of the action; and, third, provides how the vacancy in such office pending the final determination of the action shall be filled. This statute does not authorize an independent proceeding for the purpose of removing or suspending any officer from his office. The authority conferred by it upon the court to suspend an officer is dependent upon an action already having been commenced in such court charging the officer with a violation of the provisions of section 2628 or 2629. Clearly, since the violation of section 2628 is declared by its provisions to be a misdemeanor, jurisdiction of any violation thereof, upon the admission of the state, was conferred upon the county court exclusively; and, since the proceeding in the district court to suspend is supplemental to a proceeding to prosecute for a violation of section 2628, without such a proceeding pending in the district court, there would be no authority in the district court to make an order of suspension. We do not think it could be contended with any show of reason that, under the plain terms of said statute, without an action begun in the district court against an officer for the violation of such statutes, the court would have power to proceed and suspend any officer from his office; and yet such must be the authority exercised, if it be held that these statutes were extended in force in the state so as to authorize respondent in this case to make the order of suspension complained of and enforce the same; for the attempted prosecution of the action in the district court, charging relator with an offense under section 2628, constituting a misdemeanor, must be held a nullity, because not within the jurisdiction of the district court. There are other statutory provisions under which proceedings solely for the purpose of removing from office officers who have been guilty of wil-

ful or corrupt misconduct in office may be prosecuted. The procedure by which such actions may be prosecuted is prescribed by sections 5200 to 5202 of Wilson's Rev. & Ann. Statutes.

No contention is made, however, that this action is prosecuted under these statutes; and such contention could not be made, for no attempt has been made to follow the procedure therein prescribed. The district court being without jurisdiction of both the criminal prosecution, instituted against relator therein, and of the proceeding to suspend him from office, the writ of prohibition is an available remedy to relator. The writ of prohibition lies to restrain courts and judicial officers from proceeding in actions wherein they have no jurisdiction or from exceeding their jurisdiction when the complaining party has no speedy, adequate remedy at law.

In *Evans v. Willis*, 22 Okla. 310, relator was being prosecuted under an information purporting to have been presented by a private person, and not by the county attorney, or any other officer authorized by law. It was held in that case that such an information did not give jurisdiction to the court in which it was filed to hear and determine the same; and that an appeal from the judgment of such court did not furnish to relator a speedy and adequate remedy. The foregoing case is reported in 18 Am. & Eng. Ann. Cases, at p. 258, with a note thereto in which the annotater says:

"As to the adequacy of another remedy, it is held in most jurisdictions that where a trial court is entirely without jurisdiction to try the defendant in a criminal case, the ordinary remedies for the correction of errors, such as appeal, certiorari and the like, are inadequate and a writ of prohibition will issue."

There is no provision of the statute authorizing an appeal from the order of suspension made under said section 2631; and, before relator could secure relief from the appellate courts, he must either acquiesce in the order and be deprived of the right to exercise the functions of his office and be deprived of the emoluments thereof until the criminal proceeding is prosecuted to a judgment and an appeal is taken therefrom, if conviction be

had, or the order is dissolved if an acquittal results, or he must act in violation of said order and be subject to prosecution for contempt. He therefore has no adequate remedy by which he can be relieved of the erroneous action of the court in respect to the order of suspension and the enforcement thereof.

Since the institution of this proceeding in this court respondent's term of office has, under the provisions of the statute and Constitution, expired, and his successor has been elected and qualified, and respondent is no longer judge of said district. Of these facts, we take judicial notice. *Upton & Co. v. Paxton et al.,* 72 Ia. 295; *Kilpatrick v. Commonwealth,* 31 Pa. 198; *People v. Ebanks,* 120 Cal. 626; *Beggs v. State,* 55 Ala. 108. But the fact that he has gone out of office and has been succeeded by another judge does not abate the action. The criminal prosecution is still pending in the district court, and the order of suspension which this proceeding seeks to annul and prevent the enforcement of still exists; and we may, in this proceeding, quash and annul them and restrain further proceedings thereunder. *Ex parte Peterson,* 33 Ala. 74; *Commonwealth v. Latham,* 85 Va. 632; *Ingersoll v. Buchanan et al.,* 1 W. Va. 181.

Judgment may be entered in conformity with the foregoing views.

All the Justices concur.