(February 23, 1914.)

STATE, Appellant, v. L. L. BURTENSHAW, Respondent.

[138 Pac. 1105.]

FORGERY — INSUFFICIENCY OF INFORMATION FOR — VERITY OF SIGNATURE TO INSTRUMENT.

1. Under sec. 7028, Rev. Codes, an affidavit or information before a probate judge charging insanity may be a subject of forgery.

2. An information does not charge the crime of forgery which does not disclose whose name is alleged to be forged, the name or identity of the person whom it was intended by the alleged forged instrument to defraud or injure, or the manner in which the injury, fraud or wrong was intended to be accomplished.

3. Where one swears to an instrument before a proper officer, it is immaterial whether he sign such instrument with his own hand, or authorize someone else to sign it, or approve and adopt the unauthorized signing of his name by someone else. Where the jurat is regular in form, verity will be imputed to such signature.

4. Under the provisions of subd. 5, sec. 7950, Rev. Codes, it is the duty of the probate judge and the district judge of the judicial district to take judicial notice of the official position of the prosecuting officer of the county, and to know officially the person holding that office.

APPEAL from the District Court of the Seventh Judicial District for Adams County. Hon. Edward A. Walters of the Fourth Judicial District, presiding.

Prosecution for the crime of forgery. Demurrer to the information sustained by the trial court and the state appeals. *Affirmed.*

J. H. Peterson, Attorney General, J. J. Guheen and T. C. Coffin, Assistants, for Appellant.

Forgery can be committed with respect to any instrument, which, if genuine, might operate to prejudice or injure another. (Sec. 7028, Rev. Codes; sec. 470, Penal Code of California; *People v. Bendit,* 111 Cal. 274, 280, 52 Am. St. 186, 43 Pac. 901, 31 L. R. A. 831, 834; *People v. Tomlinson,* 35 Cal. 503; *Ex parte Finley,* 66 Cal. 262, 5 Pac. 222; *Dudley's Case,* 2 Sid. 71, 82 Eng. Reprint, 1263; 2 Wharton, Crim. Law, 11th ed., pp. 1085–1132; *People v. Munroe,* 100 Cal. 664, 38 Am. St. 323, 35 Pac. 326, 24 L. R. A. 34; *Hendricks v. State,* 26 Tex. App. 176, 8 Am. St. 466, and note, 9 S. W. 555, 557; *United States v. Long,* 30 Fed. 678; *Shannon v. State,* 109 Ind. 407, 10 N. E. 87.)

The test in each case is whether or not the instrument, if genuine, might have the effect to prejudice another. (*State v. Boasso,* 38 La. Ann. 202; *Arnold v. Cost,* 3 Gill & J. (Md.) 219, 22 Am. Dec. 302; *Shannon v. State, supra.*)

Sec. 7028, by enumerating certain classes of instruments as being subjects of forgery, does not exclude all others. (*United States v. Lawrence,* 13 Blatchf. 211, 26 Fed. Cas. No. 15,572.)

Instruments void on their face are not subject to forgery because they have not the capacity of effecting fraud. (*People v. Heed,* 1 Ida. 531; *Brazil v. State,* 117 Ga. 32, 43 S. E. 460; *People v. Munroe, supra.*)

If an instrument is made with intent to prejudice, even though before it can have effect other steps must be taken, or other proceedings had upon the basis of it, it is a subject of forgery, whether or not such steps have ever been taken or proceedings had. (*Commonwealth v. Costello,* 120 Mass. 358; *Garmire v. State,* 104 Ind. 444, 4 N. E. 54; *Shannon v. State, supra.*)

It is not necessary that the information state what particular person it was intended to defraud. It is sufficient if the charge be made in the language of the statute. (*State v. Swensen,* 13 Ida. 1, 81 Pac. 379; *Morearty v. State,* 46 Neb.

652, 65 N. W. 784; *Arnold v. Cost, supra;* 9 Ency. Pl. & Pr. 582.)

B. S. Varian, E. R. Coulter, Lot L. Feltham, Freehafer & Stinson, and Hawley, Puckett & Hawley, for Respondent.

The evident purpose of sec. 7028 is to punish a person intentionally guilty of forging or counterfeiting any document that might entail a pecuniary loss upon another. The only chance of fastening the crime charged upon the defendant is in the clause: "Or counterfeits or forges the seal or handwriting of another." The only evil effect of the making of the alleged forged document was to bring the parties named therein, Minnie Schroff and Walter Schroff, before the probate court upon charges of insanity. It is stretching the intent and meaning of the statute beyond reason to claim that these people were defrauded by this. (*People v. Heed,* 1 Ida. 531.)

The statute expressly provides that the false making, forging or counterfeiting must be done with intent to defraud another. The mere making of a document of any kind which cannot be used to defraud another is not forgery. The signing of another person's name without authorization is not forgery, *per se.* For meaning of the term "defraud," see Century Dictionary and Ency.; 4 Am. & Eng. Ency. of Law, 180; *People v. Wiman,* 148 N. Y. 29, 42 N. E. 408; *Burdick v. Post,* 12 Barb. (N. Y.) 168; *Deseret National Bank v. Kidman,* 25 Utah, 379, 95 Am. St. 856, 71 Pac. 873; *State v. Rickey,* 9 N. J. L. 293.

It is intended by the laws relating to forgery to protect property rights, or rights of persons equivalent to property rights. (*People v. Galloway,* 17 Wend. (N. Y.) 540; *People v. Tomlinson,* 35 Cal. 503; May's Crim. Law, sec. 330.)

An instrument void upon its face because of legal requisites as to its validity is not the subject of an indictment for forgery because of its incapacity to effect fraud. (*Hobbs v. State,* 75 Ala. 1; *State v. Pierce,* 8 Iowa, 231; *Roode v. State,* 5 Neb. 174, 25 Am. Rep. 475; *Anderson v. State,* 20 Tex. App. 595;

*Costley v. State,* 14 Tex. App. 156; *Raymond v. People,* 2 Colo. App. 329, 30 Pac. 504; *Terry v. Commonwealth,* 87 Va. 672, 13 S. E. 104.)

A written instrument to be the subject of forgery must be valid if genuine for the purpose intended. If void or invalid on its face, and it cannot be made good by averment, the crime of forgery cannot be predicated on it. (*Rembert v. State,* 53 Ala. 467, 25 Am. Rep. 639; *People v. Harrison,* 8 Barb. (N. Y.) 560; *Ex parte Farrel,* 36 Mont. 254, 92 Pac. 785; Underhill, Crim. Ev., 2d ed., sec. 430; 19 Cyc. 1379.)

If it does not show upon its face that someone might be defrauded, extrinsic facts should and must be alleged to show its capacity to defraud. This has not been done here, and for that reason alone the information cannot be upheld. (19 Cyc. 1405, and authorities cited.)

AILSHIE, C. J.—The defendant, who is respondent here, was charged by the information of the prosecuting attorney of Adams county with the crime of forgery. The trial court sustained a demurrer to the information and the state has appealed. The charging part of the information is as follows:

"That at Adams county, State of Idaho, on or about the 9th day of November, 1912, the said defendant, L. L. Burtenshaw, who, then and there being and being then and there a licensed attorney-at-law under the laws of the state of Idaho, and following the business of an attorney and counselor at law as a principal and usual calling, did, then and there, unlawfully, feloniously and with intent to defraud another, falsely make and forge a certain information charging insanity against Walter Schroff and Minnie Schroff; and that the said defendant did then and there falsely, fraudulently, knowingly, feloniously and with intent to defraud, prejudice and damage another, utter said information as true and genuine, knowing the same to be false and forged, by filing it in the probate court of Adams county, state of Idaho, the said information being in the letters and figures following, to wit:

" '*In the Probate Court of the County of Adams, State of Idaho.*

" 'State of Idaho,
   County of Adams,—ss.

" 'Nels Hansen being first duly sworn deposes and says, that affiant is acquainted with Walter Schroff and Minnie Schroff whom affiant believes to be insane; that said persons are so far disordered in mind as to endanger health, persons or property.

" 'Wherefore, complainant prays that the said persons may be examined by this court, pursuant to the statute in such case made and provided, concerning the charge of insanity, and ascertain the fact of sanity or insanity; and if the said persons or either of them shall be found on examination to be insane, that he may be committed to the insane asylum.

" 'NELS HANSEN.

" 'Subscribed and sworn to before me this 19th day of November, 1912.

" 'G. F. GREGG,
" 'Probate Judge.'

"All of which is contrary to the form, force and effect of the statute in such cases made and provided, and against the peace, power and dignity of the state of Idaho."

The information in this case was presented under the provisions of sec. 7028 of the Revised Codes, defining forgery. If the charge preferred here falls within the definition of forgery as embodied in sec. 7028, it must necessarily come within that part of the section which reads as follows:

"Every person who, with intent to defraud another, falsely makes, alters, forges or counterfeits, any charter, letters patent, deed, . . . . or counterfeits or forges the seal or handwriting of another, . . . . or who, with intent to defraud, alters, corrupts or falsifies any record of any will, codicil, conveyance, or other instrument, the record of which is by law evidence, or any record of any judgment of a court, or the return of any officer to any process of any court, is guilty of forgery."

For the purposes of our consideration of the present case, we may well concede that the instrument, which it is charged was forged, might properly be the subject of forgery, within the purview and meaning of the statute. Indeed, we are inclined at this time to think that would be a liberal and fair construction of the statute. (*People v. Bendit,* 111 Cal. 274, 52 Am. St. 186, 43 Pac. 901, 31 L. R. A. 831; *Dudley's Case,* 2 Sid. 71, 82 Eng. Reprint, 1263; *Ward's Case,* 2 Ld. Raym. 1462, 92 Eng. Reprint, 451; *Commonwealth v. Costello,* 120 Mass. 358; *State v. Swensen,* 13 Ida. 1, 81 Pac. 379.)

We shall waive aside the various technical questions which have been presented and discussed in this case, for the reason that there are a couple of essential and substantial questions, going to the very substance of the information, which require consideration and upon which the decision in the case must turn.

It will be noted from an examination of the information as above set forth that the charge is that the respondent forged a certain instrument which is set out in full in the information. Upon examination of the instrument, we find that it purports to have been an affidavit made by one Nels Hansen, charging that Walter Schroff and Minnie Schroff were at the time of making such affidavit "so far disordered in mind, as to endanger health, persons or property." This affidavit was made in the probate court of Adams county and purports to have been signed by Nels Hansen, and following his signature is added: "Subscribed and sworn to before me, this 19th day of November, 1912. G. F. Gregg, Probate Judge."

The information charges that this affidavit was forged, and thereupon charges that the respondent, with fraudulent and felonious purpose and intent of defrauding and prejudicing another, did "utter said information as true and genuine, knowing the same to be false and forged by filing it in the probate court of Adams county, state of Idaho."

It is difficult to determine just what idea is intended to be conveyed by this charge. The information does not pretend to state whose signature was forged to the instrument; it contains no intimation that the signature of the probate judge

was forged. On the contrary, it charges that the respondent filed the information with the probate judge, and yet the affidavit which he alleged was forged states and certifies upon the face thereof that it was "subscribed and sworn to before" G. F. Gregg, probate judge. If Nels Hansen swore to the affidavit before the probate judge, it would make the affidavit his, and it would make no difference whether he signed it with his own hand or authorized someone else to sign it, or even approved and adopted the unauthorized signing of his name by someone else. The vital and essential thing was his swearing to it. There is nothing in the information of the prosecuting attorney or upon the face of the affidavit that would intimate or indicate that Nels Hansen himself did not swear to this affidavit. It is admitted that Nels Hansen's name is subscribed to the affidavit, and the probate judge so certifies upon the face of the affidavit. Nels Hansen might not have written his own name there and yet requested or authorized someone else to write it there, or he might have adopted the unauthorized writing of his own name there by someone else and still the affidavit would be in fact, as well as in contemplation of law, subscribed by him.

Respondent, or anyone else, would have a right to draft an affidavit charging insanity against anyone, and while the charge might be false and libelous, the mere drawing of the affidavit or charge would not be forgery. The forgery in the case at bar, if forgery was committed, must have consisted in wrongfully and unlawfully signing the name of either the affiant to the affidavit, or the name of the officer who is represented as having administered the oath and attached his *jurat*. Again, in a case like this, it would be necessary for the information in some way to charge or disclose the name or identity of the person or persons whom it was intended by the affidavit to defraud, or in some way disclose the manner in which the injury, fraud or wrong was intended to be effected or accomplished.

It is charged that the affidavit was filed with the probate judge of Adams county, and it appears on the face thereof that the affidavit was made before the probate judge. While

it does not appear upon the face of this information that the defendant therein charged was, at the time of making the forged affidavit, the county attorney of Adams county, it does appear that he was a regularly practicing attorney of the county, and it is charged in the respondent's brief, and not denied by appellant, that he was, at the time, the prosecuting attorney of the county.

Under the provision of subd. 5 of sec. 7950, Rev. Codes, it was the duty of the probate judge, as well as the district judge of that judicial district, to take judicial notice of the official position of the prosecuting officer of the county and to know officially the person occupying that office. It was also the duty of the district judge, when hearing this case on demurrer, to presume, as a matter of law, that the probate judge knew the defendant and knew the official position which he occupied, and if this be admitted, then it necessarily follows that if the respondent forged the name of Nels Hansen to the affidavit and the probate judge administered the oath *to respondent instead of administering it to Nels Hansen,* then the probate judge was a party to this offense. But the information proceeds on the contrary theory. It in no way intimates or charges that the affidavit was not administered as shown by the certificate attached thereto.

If we take this certificate or jurat at its face value, we must inevitably conclude that Nels Hansen either signed the affidavit or caused it to be signed or approved of the signing of his name thereto by someone else, and swore to the same in the presence of and before the probate judge of Adams county.

It is clear to us that the information in this case does not charge the crime of forgery and that the trial court properly sustained the demurrer and dismissed the action. The judgment is affirmed.

Sullivan and Stewart, JJ., concur.