(Nos. 5480, 5481.  December 30, 1929.)

BOISE–KUNA IRRIGATION DISTRICT, NAMPA & MERIDIAN IRRIGATION DISTRICT, NEW YORK IRRIGATION DISTRICT and WILDER IRRIGATION DISTRICT, Plaintiffs, v. CLINTON H. HARTSON, Judge, Defendant, and CLINTON H. HARTSON, Judge, and WILLIAM E. WELSH, Water Master, Defendants.

[285 Pac. 456.]

Rice & Bicknell, G. W. Grebe, Oppenheim & Lampert and McElroy & Chalfant, for Plaintiffs.

Charles F. Reddoch, P. E. Cavaney, Wm. M. Morgan, Earl B. Smith and Thomas L. Martin, for Defendant Hartson.

BABCOCK, District Judge.—The plaintiffs filed two verified complaints in this court, one to obtain a writ of mandate against the defendant, Clinton H. Hartson, Judge of the district court of the third judicial district, and the other to obtain a writ of prohibition against said judge and W. E. Welsh, water-master of District 12–A, Boise River.

Orders were made fixing a time for hearing thereof, upon notice to show cause why such writ should not issue, both returnable at the same time.

The allegations of the complaints are practically the same in each case. By the *mandamus* proceeding the plaintiffs seek to compel the defendant, Hartson, as district judge, to set aside and vacate certain alleged void orders made by him in the district court of Ada county in certain drainage district proceedings, and, by the writ of prohibition, to restrain said judge from proceeding in said drainage district proceedings, from the adjudication of the waters of the Boise River, and to prohibit the defendant, Welsh, as water-master, from distributing the waters under said void orders.

The defendant, Hartson, filed motions to dismiss and demurrers in each case, raising practically the same questions

The defendant, Welsh, filed an answer to the complaint for a writ of prohibition, in which he says he is ready and willing to distribute the waters of said water district pursuant to law and the orders, judgment and decrees of the courts having jurisdiction thereof.

Judge Hartson, having resigned as district judge, the plaintiff made a motion, in each case, for an order permitting them to substitute his successor in office.

Both cases were consolidated at the hearing and may be considered and determined together.

The motion for a substitution was resisted by the defendants, it being the position and contention of counsel that the acts complained of in each case were personal to Judge Hartson, and that the court will take judicial notice that he has resigned and is no longer a district judge; that the actions abate, and that neither the writ of mandate nor prohibition can be directed to his successor in office without first requesting him to perform the act or duty which plaintiffs claim devolved upon Judge Hartson.

Under subd. 5 of sec. 7933, C. S., this court will take judicial notice of the fact that Judge Hartson is not now district judge. (*State v. Burtenshaw,* 25 Ida. 607, 614, 138 Pac. 1105.)

It would be futile to issue the writ against Judge Hartson, formerly district judge, for the reason that he cannot be required to perform judicial duties unless he is a judge at the time when the duty is required to be performed. (*Bailey v. Baker,* 33 Cal. App. 452, 165 Pac. 543; *Leach v. Aitken,* 91 Cal. 484, 28 Pac. 777.) Nor could the successor in office of Judge Hartson be punished for contempt for refusing to obey a writ issued against Judge Hartson, his predecessor in office, and who had gone out of office when the writ issued, as such judgment against Judge Hartson would have no validity against his successor in office. (*Ex parte Truman,* 124 Cal. 387, 57 Pac. 223; *Sargent v. Cavis,* 36 Cal. 552.)

As to whether or not the proceedings abate upon the retirement of Judge Hartson presents a question upon

which there is a sharp conflict of authority. It is stated in 38 C. J. 858, 859, sec. 564, that while one line of cases asserts that if pending the proceedings the term of office of the defendant terminated, the proceedings abate, another line of cases with equal emphasis denies that under such circumstances the proceedings abate. And whichever view may be taken it will be supported by decisions of respectable courts and sustained by many well-reasoned authorities; that the real question in dispute seems to be whether the proceedings are against the individual or against the office; and in answer to the question the rule supported by the great weight of authority may be laid down as follows: If against the individual the proceedings will abate; otherwise, they will not.

The supreme court of the United States, prior to an act of Congress, passed February 8, 1899 (30 Stat. 12, C. S., sec. 1594), under which successors of United States officers who have been sued may be substituted for them upon a proper showing, have repeatedly held such an action to be against the individual and personal, and that substitution should not be allowed. (*Irwin v. Wright*, 258 U. S. 219, 42 Sup. Ct. 293, 295, 66 L. ed. 573; *Pullman Co. v. Croom*, 231 U. S. 571, 24 Sup. Ct. 182, 58 L. ed. 375; *United States v. Butterworth*, 169 U. S. 600, 18 Sup. Ct. 441, 42 L. ed. 873; *United States v. Boutwell*, 17 Wall. (U. S.) 604, 607, 21 L. ed. 721, 722; *New Mexico v. Baker*, 196 U. S. 432, 25 Sup. Ct. 375, 49 L. ed. 540.)

In the case of *United States v. Boutwell, supra,* the leading case and the one most frequently cited in support of the doctrine, Justice Strong, delivering the opinion of the court, said:

"The office of a writ of mandate is to compel the performance of a duty resting upon the person to whom the writ is sent. That duty may have originated in one way or another. It may, as alleged in the present case, have arisen from the acceptance of an office which has imposed the duty upon the incumbent; but no matter out of what facts or relations the duty has grown, what the law regards and what it seeks to enforce by a writ of mandate is the personal

obligation of the individual to whom it addresses the writ. If he be an officer and the duty is an official one, still the writ is aimed exclusively against him as a person, and he only can be punished for disobedience. The writ does not reach the office. It cannot be directed to it. It is, therefore, a personal action and it rests upon the averred and assumed fact that the defendant has neglected or refused to perform a personal duty.''

The supreme court of Massachusetts, in considering this question, in the case of *Knights v. Treasurer and Receiver-General*, 236 Mass. 336, 128 N. E. 637, 638, said:

''The only exception to this principle recognized by decisions of the United States Supreme Court has been that of 'boards and bodies of a *quasi* corporate character, having a continuing existence' (*Pullman Co. v. Croom*, 231 U. S. 577, 34 Sup. Ct. 184, 58 L. ed. 375), or where 'there is a continuing duty irrespective of the incumbent, and the proceeding is undertaken to enforce an obligation of the corporation or municipality to which the office is attached.' (*Thompson v. United States*, 103 U. S. 480, 483, 26 L. ed. 521; *Marshall v. Dye*, 231 U. S. 250, 255, 34 Sup. Ct. 92, 58 L. ed. 206; *Murphy v. Utter*, 186 U. S. 95, 22 Sup. Ct. 776, 46 L. ed. 1070, affirming *Utter v. Franklin*, 7 Ariz. 300, 64 Pac. 427; *People v. Best*, 187 N. Y. 1, 5, 6, 116 Am. St. 586, 10 Ann. Cas. 58, 79 N. E. 890; *People v. Ahearn*, 200 N. Y. 146, 93 N. E. 472.) A large number of cases sometimes cited as opposed to the rule established in *United States v. Boutwell*, 17 Wall. (U. S.) 604, 21 L. ed. 721, well may rest upon this distinction. (*State's Attorney v. Selectmen of Branford*, 59 Conn. 402, 22 Atl. 336; *Shull v. Board of Commissioners*, 54 Kan. 101, 107, 37 Pac. 994; *Maddox v. Graham*, 2 Met. (Ky.) 56; *State v. Police Board*, 39 La. Ann. 979, 3 So. 88; *Pegram* v. *Commissioners*, 65 N. C. 114; *Scott v. Artman*, 237 Ill. 394, 399, 86 N. E. 595; *County Commissioners v. Bryson*, 13 Fla. 281, 287.)

There are numerous cases which adopt the opposite view and hold that *mandamus* against one who has ceased to hold office either does not abate or that his successor may

be substituted on motion without an enabling statute. (*Hardee v. Gibbs,* 50 Miss. 802, 806; *Lindsey v. State Auditor,* 3 Bush (Ky.), 231, 235; *State v. Puckett,* 7 Lea (Tenn.), 709, 711; *State v. Warner,* 55 Wis. 271, 285, 9 N. W. 795, 13 N. W. 255; *Stone v. Bell,* 35 Nev. 240, 244, 129 Pac. 458; *Nance v. People,* 25 Colo. 252, 257, 54 Pac. 631.) See in this connection cases of like nature concerning the writ of prohibition. (*Commonwealth v. Latham,* 85 Va. 632, 8 S. E. 488; *Ex parte Peterson,* 33 Ala. 74, 77; *State v. Shea,* 28 Okl. 821, 827, 115 Pac. 862; *Ingersoll v. Buchanan,* 1. W. Va. 181.)''

In the case of *Ott Hardware Co. v. Holmberg, City Clerk,* 36 Cal. App. 402, 179 Pac. 422, a *mandamus* proceeding in which the defendant, as city clerk and city auditor of the city of Santa Barbara, was substituted for Alfred Davis, former city clerk and city auditor of such city, on appeal the action of the lower court permitting such substitution was sustained in the supreme court in an opinion holding that such substitution was permissible and within the provisions of sec. 385 of the California Code of Civil Procedure, which section corresponds with sec. 6652 of the Idaho Compiled Statutes, and reads as follows:

''An action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or any disability of a party, the Court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest the action or proceeding may be continued in the name of the original party, or the Court may allow the person to whom the transfer is made to be substituted in the action or proceeding.''

However, the United States supreme court, in the case of *Irwin v. Wright, supra,* decided March 20, 1922, a suit commenced in the United States district court of Arizona to enjoin collection of taxes by county officials in which the successors in office of certain of the original defendants were permitted to be substituted, said, after referring to the act

of Congress (30 Stat. 822, chap. 121, Comp. Stats., sec. 1594) under which successors of United States officers who have been sued may be substituted for them upon proper showing: "But no authority exists for the substitution of successors of state officers in such cases. We have examined the statutes of Arizona and find none in them." The court further observed, after quoting from the Arizona Civil Code, par. 461, which corresponds with California Code of Civil Procedure, sec. 385, and sec. 6652 of the Idaho Compiled Statutes: "This does not permit the substitution of a successor of a public official sued personally."

Federal courts are governed by local or state laws as to survival of actions.

This court, in the case of *Beachy v. Lamkin,* 1 Ida. 50, an action brought against the defendant as territorial auditor to compel him to perform an official act, and who had been succeeded in office by H. B. Lane, said, on p. 52:

"Mr. Lane, even if he were successor in office of Mr. Lamkin, would not be a proper party to this record. The proceeding was against Lamkin for neglect of duty, and being a personal default would by no means involve his successor. Lamkin was proceeded against for a personal failure to perform a duty charged as required by law. Mr. Lane, who had been guilty of no such neglect of duty, could not be made responsible for the faults, however grievous, of his predecessor."

We have no statute authorizing the substitution of the successor in office in an action against his predecessor. The only Idaho case we have been able to find holds with the rule announced by the supreme court of the United States and of the state courts cited, and which appeals to us as being the only sound and logical doctrine to follow in the absence of an enabling statute. Therefore, no substitution in either proceeding should be allowed, and the motion in each case should be denied. In this connection it may not be improper for us to suggest and recommend that, in order to promote justice and obviate expense and delay in such cases and to cure such defect in the law, the legislature enact

a law permitting a substitution of successors of state and county officers sued in the courts, for those who cease to be officers by retirement or death, upon a proper showing in proper cases. The motion for substitution in each case will be denied, and the actions in each of them dismissed, at plaintiffs' costs.

Budge, C. J., and T. Bailey Lee and Varian, JJ., concur.

Givens, J., was disqualified.