## STATE ex rel. CARPENTER vs. THE SUPERVISORS OF THE TOWN OF BELOIT.

MANDAMUS :    *Officers de facto :    town board of supervisors :    two vacancies.*

1. A *mandamus* will issue only where it appears that there is some officer in being, having the power and whose duty it is to perform the act commanded by the court.
2. Persons elected supervisors of a town, but who refuse to qualify or serve, cannot be treated as supervisors *de facto*, and commanded to levy a tax.
3. Where there there is more than one vacancy in the town board of supervisors, the remaining supervisors and town clerk cannot fill such vacancies under sec. 53, ch. 15, R. S., as amended by ch. 70, Laws of 1861.
4. The board authorized by sec. 79, ch. 15, R. S., consisting of a supervisor and two justices of the peace, is merely an auditing board to adjust accounts payable by the town, and has no power to levy taxes.

APPLICATION for a *Mandamus*.

A rule having been granted in this cause, requiring the supervisors of the town of Beloit to show cause why they should not be compelled to levy a certain tax, *Charles Peck*, as chairman of said board, answered that at the annual town meeting in April, 1865, one Ruble and one Parish were elected supervisors of said town; that each of them neglected and refused to qualify, and declined and refused to accept the office; that neither of them had since said election ever qualified, accepted or entered upon the discharge of the duties of said office, or acted or assumed to act as such supervisor; that at the time of the service of said rule to show cause, said *Peck* was, and from thence continued to be, the only supervisor of said town; and that he had no authority to levy any tax.

Demurrer to the answer.

*Matt. H. Carpenter*, for the demurrer, to the point that the neglect to file a bond, &c., forfeits the right to an office, so that it would be declared vacant, but does not *per se* create a vacancy, cited *Sprowl v. Lawrence*, 33 Ala., 689; *State v. Toomer*, 7 Rich. (S. C.), 216; *Kottman v. Ayer*, 3 Strob., 92; *Treasurers v. Stevens*, 2 McCord, 107; *McBee v. Hoke*, 2 Speers, 138; *Crawford v. Howard*, 9 Geo., 314.

*H. L. Palmer* and *E. G. Ryan*, contra.

DIXON, C. J.   It is of the very essence of this proceeding that there be some officer or officers in being, having the power and whose duty it is to perform the act.   If there be no such officers, it is obvious that the writ cannot go, nor the mandate of the court be enforced.   It is conceded that the chairman alone cannot levy the taxes; but it is claimed that the other two persons elected, but who neglected to qualify, became supervisors *de facto* by virtue of such election, and can be compelled to act as such in the performance of the duty enjoined by the writ.   To this point the case of *Coles County v. Allison*, 23 Ill., 437, is cited.   That case holds no more than this: that the acts of officers *de facto* are valid as respects the public and third persons having an interest in them, and that they cannot be collaterally impeached.   The trustees there elected at the second election, though irregularly perhaps, were held to be officers *de facto*, inasmuch as they had, in the language of the report, "qualified, and ever since exercised the functions of their office."   That was sufficient, in the opinion of the court, to show a valid organization of the town.   In this case, however, the other two supervisors elected not only failed to qualify, but it does not appear that they have ever assumed to act as such in any manner whatever.   The statute declares that every office shall become vacant on the refusal or neglect of the incumbent to take his oath of office, or to give or renew his official bond, or to deposit such oath or bond within the

time prescribed by law.  R. S., ch. 14, sec. 2.   The other two persons elected are, therefore, neither supervisors *de jure* nor *de facto* ; and the offices are vacant.—It is likewise insisted that, under sec. 53, chap. 15, R. S., as amended by chapter 70, Laws of 1861, the chairman, together with the town clerk, has the power to fill the vacancies, and that it is the duty of the chairman to see that the offices are so filled, instead of answering that they are vacant.   The statute does not authorize the filling of the offices by such appointment when there is more than one vacancy.  The language is, that " the remaining supervisors, together with the town clerk, shall have power" to fill any vacancy which shall occur in the board of supervisors.

It is suggested that the chairman may call to his assistance two justices of the peace of the town, so as to constitute a board, under the provisions of sec. 79 of chap. 15, R. S.   The board thus organized is an *auditing* board, to adjust accounts payable by the town, and has no power to perform such general acts as the levying of taxes.

*By the Court.*—Peremptory writ refused.