[No. 1078.]

## THE STATE OF NEVADA, EX REL. THE BOARD OF COUNTY COMMISSIONERS OF STOREY COUNTY, APPELLANT, v. RICHARD KIRMAN, TREASURER OF STOREY COUNTY, RESPONDENT.

MANDAMUS—COUNTY TREASURER—EXPIRATION OF OFFICE.—Mandamus will not issue to compel a county treasurer to make a statement, as required by statute, after his term of office has expired.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts are sufficiently stated in the opinion.

*Ogden Hiles*, District Attorney of Storey County, for Appellant:

I. It is no defense to this proceeding to say that Kirman's term of office had expired before the proceeding was instituted, because his term of office expired at the same time when, by the commands of the statute, he should have presented the treasurer's quarterly report for the last quarter year of the year 1880; and, under the rule laid down by this court in *State* v. *Gracey*, 11 Nev. 223, the petition for a writ of mandate would not be sustained in this case until after the first Monday in January, 1881, because "the court cannot anticipate that a public officer will not perform his duties within the time prescribed by the statute." (*People* v. *Kilduff*, 15 Ill. 492.)

*Lewis & Deal*, for Respondent:

Contended that the statement made by respondent was in full compliance with the provisions of the statute of this state.

By the Court, HAWLEY, C. J.:

This is an appeal from an order of the district court denying an application for a writ of mandamus to compel the respondent, the ex-treasurer of Storey county, to make a joint statement with the county auditor to the board of county com-

missioners for the quarter year ending December 31, 1880, in compliance with the requirements of section 73 of the revenue act.    (2 Comp. L. 3195.)

Respondent was appointed treasurer of Storey county on the sixth day of November, 1880, and served as such until the third day of January, 1881, and, at the close of his term, made a statement of the financial condition of said county for the time he held said office.    He claims that this statement was in full compliance with the statute.

Appellant contends that respondent should have made a statement for the quarter year commencing on the first day of October, 1880.

From the view we take of this case the sufficiency of the statement made by respondent need not be considered.

The office of the writ of mandamus is to compel the person to whom it is directed to perform some particular act which the law specially enjoins as a duty resulting from his office, trust or station.    (1 Comp. L. 1508.)

This proceeding was instituted after the expiration of respondent's term of office.    His official authority had ceased. No official duty then rested upon him to perform the act, the non-performance of which is the subject of the complaint.

"It is a fundamental principle of the law of mandamus that the writ will never be granted in cases where, if issued, it would prove unavailing; and wherever it is apparent to the court that the object sought is impossible of attainment, either through want of power on the part of the persons against whom the extraordinary jurisdiction is invoked, or for other sufficient causes, so that the granting of the writ must necessarily be fruitless, the court will refuse to interfere."    (High on Inj., sec. 14.)

In *McGuire* v. *Waterman*, a proceeding to compel by mandamus a registry agent to issue challenges to persons whose names were charged to have been improperly placed upon the registry, this court withheld the writ upon the ground that the term of office of the registry agent had expired, and thereby he had lost all jurisdiction over the subject matter. (5 Nev. 323.)

"It is regarded as of the very essence of the proceeding by

mandamus to compel the performance of official duties, that there should be some officer or officers in being, having the power and whose duty it is to perform the act sought. (High Ex. Leg. Rem., sec. 37.)

The general principle that the writ will not issue to compel the performance of an official duty, when the officer is *functus officio*, is well settled. (Wood on Mandamus, 18; *State ex rel. Ryder* v. *Lynch*, 8 Ohio St. 347; *People* v. *Commissioners*, 11 How. Pr. 89; *People* v. *Supervisors*, 12 Barb. 217; *People* v. *Supervisors*, 15 Barb. 607; *People* v. *Monroe*, 20 Wend. 108; *State* v. *Supervisors*, 21 Wis. 280; *Woodbury* v. *Commissioners*, 40 Me. 306; *Mason* v. *School District*, 20 Vt. 488.)

There are exceptional cases where the courts have issued the writ, after the term of the officer has expired, to compel the performance of a duty resulting from the office. As, for instance, like the *People* v. *Kilduff*, 15 Ill. 502, where the officer, without color of right, asserted a claim to the office and refused to deliver to his successor the seal, books or other documents pertaining thereto. But the principle upon which these cases are decided has no application to this case.

The judgment of the district court is affirmed.

BELKNAP, J., did not participate in the foregoing decision.