THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM H. WALKER, Respondent, *v.* JOHN F. AHEARN, as President of the Borough of Manhattan, City of New York, Appellant.

Abatement and revival — removal or retirement of municipal officers — appeal must be taken in name of person holding the office.

A proceeding against a municipal officer for the enforcement of a right against the municipality does not abate by the removal or retirement of the officer against whom it was originally instituted, but may be continued against his successor in office, and an appeal therein should be taken only in behalf and in the name of such successor. A formal substitution may not be necessary where the successor of the original defendant is the moving party though it is preferable; but the successor must be actually substituted and the record must show that it is the successor who invokes the action of the court.

*People ex rel. Walker* v. *Ahearn,* 139 App. Div. 88, appeal dismissed.

(Argued November 18, 1910; decided December 6, 1910.)

MOTION to dismiss an appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 17, 1910, which modified and affirmed as modified an order of Special Term granting a motion for a peremptory writ of mandamus to compel the reinstatement of the relator in the position of superintendent of public buildings in the borough of Manhattan.

The order as modified and affirmed directed the issuance of a peremptory writ of mandamus for the reinstatement of the relator and awarded costs against John F. Ahearn as president of the borough of Manhattan.

At the time when the present appeal was taken John F. Ahearn had ceased to be president of the borough of Manhattan.

The relator now moves to dismiss the appeal on the ground, among others, that " the appellant having ceased to hold the office of borough president on and after the 9th day of December, 1909, the appeal taken by him on October 20, 1910, as borough president, was unauthorized."

*Herbert C. Smyth, John W. Browne* and *Frederic C. Sco-field* for motion. The appeal is unauthorized. (*People ex rel. Collins* v. *Ahearn,* 121 N. Y. Supp. 966; *People ex rel. La Chicotte* v. *Best,* 187 N. Y. 1.)

*Archibald R. Watson, Corporation Counsel* (*Terence Farley* of counsel), opposed.

WILLARD BARTLETT, J.   This is a proceeding against a municipal officer for the enforcement of a right of the relator against the municipality.   Such a proceeding does not abate by the removal or retirement of the municipal officer against whom it is originally instituted, but may be continued against his successor in office. (*People ex rel. La Chicotte* v. *Best,* 187 N. Y. 1, 7, and cases there cited.)   In the case cited it was held that a mandamus proceeding for the reinstatement of an assistant engineer in the department of bridges in New York city did not abate by the resignation of the commissioner of bridges against whom the proceeding was commenced, which resignation took effect between the determination of the issues in favor of the relator and the decision of the motion for a peremptory writ, and an order of the Special Term quashing the writ on the ground that the proceeding had thereby abated was reversed.   This court expressed the opinion that the proper course under such circumstances was to substitute the original defendant's successor in office, and suggested that the correct practice in such cases was that indicated by section 1930 of the Code of Civil Procedure.

In the *La Chicotte* case the corporation counsel took the position that the proceeding abated by the resignation of the original defendant; here he contends not only that it did not

abate by the original defendant's removal, but that the original defendant may take and prosecute an appeal therein months after he is out of office. The latter position is not tenable. The proceeding against Mr. Ahearn was solely in his official character as president of the borough. It was only the president of the borough who possessed the capacity to obey the command of the writ to reinstate the relator, and the costs awarded by the final order as modified were against John F. Ahearn " as President of the Borough of Manhattan " only. The writ not having issued until Mr. George McAneny had become borough president, the appeal, if one was to be taken, should have been taken in his behalf and in his name as such officer. A formal substitution may not be necessary where the successor of the original defendant is the moving party, though it is preferable ; but the successor must be actually substituted and the record must show that it is the successor who invokes the action of the court. At the time when this appeal was taken in Mr. Ahearn's name as president of the borough of Manhattan, he had no official interest to protect and the order did not aggrieve him individually ; for all that part of the original order which affected him individually was stricken out by the Appellate Division. While the costs against him as borough president are probably not enforceable against him personally, the waiver of these costs in open court by counsel for the relator takes that question also out of the case.

For these reasons I think the motion to dismiss the appeal should be granted, without costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and CHASE, JJ., concur.

Appeal dismissed.