### CITY OF NEW YORK v. VOORHIS et al.

(Supreme Court, Special Term, New York County. January 21, 1911.)

1. MUNICIPAL CORPORATIONS (§ 162*)—OFFICERS—SALARIES.
   Where two persons claim a city office, and the city pays salary to the de facto officer prior to an adjudication adjudging that another is the de jure officer, the latter may not recover the salary so paid from the city; but he may sue the de facto officer to recover as for damages suffered by reason of his usurpation of the office.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 361; Dec. Dig. § 162.*]

2. MUNICIPAL CORPORATIONS (§ 162*)—OFFICERS—SALARIES.
   Where a city paid salary to a de facto officer after the trial court had adjudicated that another was the officer de jure and pending an unsuccessful appeal, the payment was no defense to an action by the de jure officer covering such period, and the city must look to the de facto officer for reimbursement.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 361; Dec. Dig. § 162.*]

3. INTERPLEADER (§ 2*)—GROUNDS OF RELIEF—REMEDY AT LAW.
   A city officer, removed by the city authorities, was reinstated by the trial court, and its decision was affirmed by the Appellate Division on appeal. Pending the proceeding for reinstatement, an appointee drew the salary for a part of the time, and brought suit for the balance up to the time of the actual reinstatement of the officer, and he brought suit for the salary covering the entire period from his removal. Held, that the city could not sue in equity for an interpleader, since it had an adequate remedy at law to relieve itself from liability to pay the salary twice, though there was an effort to reinstate an appeal to the Court of Appeals to determine the right to remove the officer.
   [Ed. Note.—For other cases, see Interpleader, Cent. Dig. § 3; Dec. Dig. § 2.*]

Action by the City of New York against John R. Voorhis and another. On motion for an injunction pendente lite. Denied.

Archibald R. Watson, for plaintiff.
Luce & Davis, for defendant Voorhis.
Herbert C. Smyth and John W. Browne, for defendant Walker.

PAGE, J. This is a motion for an injunction pendente lite in a suit brought by the city to enjoin John R. Voorhis and William H. Walker from prosecuting actions brought by them against the city to recover the salary of the office of superintendent of public buildings, upon the ground that there is danger of the city being com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pelled to pay the same salary twice, and therefore the city brings its suit in equity for an interpleader and to prevent a multiplicity of actions.

Briefly stated, the facts are as follows: Walker was removed from the office, and Voorhis appointed in his stead. Walker thereupon obtained an alternative writ of mandamus for his reinstatement against the then borough president. The issues were tried, and Walker was adjudicated the de jure officer, and his reinstatement ordered. An appeal was taken to the Appellate Division, and the final order granting a peremptory writ of mandamus was affirmed. 139 App. Div. 88, 123 N. Y. Supp. 845. An appeal was thereupon taken to the Court of Appeals, and the appeal dismissed, on the ground that John F. Ahearn, who took the appeal to that court, had, at the time of appealing, ceased to be the borough president, and had no personal interest in the proceeding. 200 N. Y. 146, 93 N. E. 472. During the pendency of this proceeding the salary of the office was, for a portion of the time, paid to Voorhis, the de facto officer. He has brought his action against the city for the salary for the time remaining up to the actual reinstatement of Walker, and Walker has brought his action for salary covering the entire period from his removal to his reinstatement.

I do not see any reason for equitable relief in this situation. The law is well settled; and the city cannot be required to pay twice the amount of the salary for the office in question, if the defenses to the action are properly pleaded. The salary is an incident of the office, and belongs to the person who rightfully holds the office. A de facto officer, who is not the de jure officer, has no right to the salary, no matter how faithfully he may have discharged the duties of the position. Therefore, while the adjudication that Walker was the de jure officer is unreversed, Voorhis has no right to the salary, and the city has a complete defense to his action.

[1] Where there is a conflict between two persons as to who is entitled to the office, and the city pays the salary to the de facto officer prior to adjudication, the de jure officer cannot recover the salary so paid from the city. Demarest v. Mayor, 147 N. Y. 203, 208, 41 N. E. 405, and cases there cited. The de jure officer must sue the de facto officer to recover as for damages suffered by reason of his usurpation of the office. Therefore the city has a partial defense to the action of Walker, to the extent of the salary paid to Voorhis prior to the determination of the mandamus proceedings in this court.

[2] If it paid any portion of the salary to Voorhis after that adjudication and pending the prosecution of the unsuccessful appeals, such payment would constitute no defense to Walker's action for salary covering such period. The city would have to look to Voorhis for reimbursement. The city, having a complete remedy at law, by way of defense to the action pending at law in this court, entirely adequate to protect its rights as fully as they could be protected in this suit in equity, the court should not restrain the prosecution of these actions.

**[3]** In this case an interpleader is improper. The only question that could be litigated would be the title to the office. This has already been adjudicated in the appropriate proceeding for that purpose, and, although Voorhis was not a party thereto, he is none the less bound by that determination. Nichols v. MacLean, 101 N. Y. 526, 5 N. E. 347, 54 Am. Rep. 730. That the city intends to apply for the substitution of the present borough president in the place of Mr. Ahearn, and endeavor to have the appeal to the Court of Appeals reinstated, affords no reason for the granting of an injunction at this time. The court has ample power to protect the city in such proceedings as it may take for that purpose.

Motion denied. Settle order on notice.