Opinion of the Court—Norcross, J.

[No. 2084]

STATE OF NEVADA, EX REL. C. E. HAVILAND,
WILLIAM H. COOPER, AND JAMES P. BYRNES,
AS THE BOARD OF COUNTY COMMISSIONERS OF HUM-
BOLDT COUNTY, STATE OF NEVADA, APPELLANTS,
*v.* S. J. BONNIFIELD, AS COUNTY AUDITOR OF
HUMBOLDT COUNTY, STATE OF NEVADA, RESPON-
DENT.

[138 Pac. 906]

1. COUNTIES — COUNTY AUDITOR — DUTY TO REPORT — COLLECTIONS
DURING PRECEDING TERM OF OFFICE.
    Where a county auditor was his own successor in office, he
    was bound to make the joint report required by Rev. Laws, sec.
    3746, requiring the county auditor and county treasurer to make
    a joint statement to the board of county commissioners, show-
    ing the amount of collections, etc., though such report should
    have been made during the preceding term, since the duty was
    a continuing one. *State* v. *Kirman,* 17 Nev. 380, distinguished.

2. MANDAMUS—PROCEEDINGS—PARTIES DEFENDANT.
    In *mandamus* proceedings by the board of county commission-
    ers to compel the county auditor to make the joint report
    required by Rev. Laws, sec. 3746, requiring the county auditor,
    jointly with the county treasurer, to make a report of the
    amount of collections, etc., the county treasurer was not a
    necessary party, where it appeared that he was willing to per-
    form his part in making the report.

APPEAL from the Sixth Judicial District Court,
Humboldt County; *Peter Breen,* Judge, presiding.

Petition for a writ of mandate by the State of Nevada,
on the relation of C. E. Haviland and others, against S.
J. Bonnifield, County Auditor. From a judgment dis-
missing the petition, relators appeal. **Reversed and
remanded.**

*J. A. Callahan,* for Appellant.

*W. S. Bonnifield,* for Respondent.

By the Court, NORCROSS, J.:

This is an appeal from a judgment of dismissal
following the sustaining of a demurrer to a petition
for a writ of mandate.

[1] A proceeding in *mandamus* was instituted in the

Sixth judicial district court in and for Humboldt County by the state, on the relation of the board of county commissioners of Humboldt County, against the respondent, as auditor of said county, to require respondent, in conjunction with the county treasurer of said county, to make certain quarterly reports, relative to the fiscal affairs of said county, as required by the provisions of Revised Laws, sec. 3746.

The petition or affidavit which was filed February 3, 1913, in support of the writ, alleged in substance that at all the times and dates mentioned in the petition the respondent was the duly elected, qualified, and acting county auditor of said Humboldt County; that ever since the 30th day of June, 1911, respondent had failed or neglected to either make or join with the county treusurer in making the joint statements required by said section 3746; that the county treasurer, during all said times, was and now is ready and willing to make such joint statements, but was and is unable to do so by reason of the failure and neglect of respondent to join with him; that by reason of such failure the relators were unable to perform their duties as required by law.

The petition prayed for the issuance of a writ of mandate directed to respondent, and requiring him to make and file, jointly with the said county treasurer, all statements and reports in arrear, within a time to be fixed by the court.

Respondent demurred to the petition upon two grounds: (1) That the petition or affidavit did not state facts sufficient to constitute a cause of action. (2) That there is a nonjoinder of parties defendant.

Rev. Laws, sec. 3746, provides: "The county auditor and treasurer of each county in the state shall, on the first Mondays of April, July, October, and January, make a joint statement to the board of county commissioners, and forward a copy to the state controller, showing the whole amount of collections (stating particularly the source of each portion of the revenue) from all sources paid into the county treasury; the funds among which

the same was distributed and the amounts to each; the total amounts of warrants drawn and paid, and on what funds; the total amounts of warrants drawn and unpaid; the accounts or claims audited or allowed and unpaid, and the fund out of which they are to be paid, and, generally, make a full and specific showing of the financial condition of the county, which shall be published in some newspaper published in the county, if there be one; if not, then by posting the same in a conspicuous place on the courthouse of said county."

Respondent failed to file any brief in this court, and we can only surmise what his position was in the court below from the record, and from statements contained in appellant's brief. From these we gather that it was respondent's contention that, as the statute required the fiscal statements to be made jointly by the treasurer and auditor, the treasurer was a necessary party to the proceeding, and that, as respondent had entered upon a new term of office on the first Monday in January, 1913, he could not be required to perform any official duties which he had failed to perform during his preceding term of office. We think both these contentions are without merit. If the official duty is a continuing one until performed, a writ will lie against the incumbent in office, regardless of the fact that his predecessor in office should primarily have performed the duty. A similar question was presented in the recent case of *Stone* v. *Bell, Auditor*, 35 Nev. 240, 129 Pac. 458, in which we said: "The question is one of original impression in this court, and we see no good reason not to adopt the view that the successor in office in a case of this character may be substituted in place of the officer whose term has expired. Here an official duty is sought to be enforced, one which continues until performed, regardless of who may, for the time being, be the incumbent of the office."

See, also, *Utter* v. *Franklin*, 7 Ariz. 300, 64 Pac. 427; *Nance* v. *People*, 25 Colo. 252, 54 Pac. 631; *Parks* v. *Hays*, 11 Colo. App. 415, 53 Pac. 893; *People* v. *Ahearn*, 200 N. Y. 146, 93 N. E. 472; *Commonwealth* v. *Overseers*, 4

Kulp. (Pa.) 95; *State* v. *Common Council of Madison*, 15 Wis. 30; *State* v. *Gates*, 22 Wis. 210.

This is a rule which, doubtless, should have its exceptions; but the present case does not appear to be one which should be considered outside this rule. Respondent was his own successor in office. Conceding there may be exceptions to the rule that a successor in office is bound to perform duties of a continuing character, which his predecessor should have performed during his term, courts are justified in applying the rule with greater strictness where the neglect to perform a statutory duty occurred during a preceding term of the same incumbent in office.

In *State* v. *Kirman*, 17 Nev. 380, 30 Pac. 1075, in a proceeding in *mandamus* by the board of county commissioners of Storey County against Richard Kirman, treasurer of Storey County, to compel the latter to make a joint statement with the county auditor in accordance with the provisions of the same section as is involved in this case, this court held, quoting from the syllabus: "*Mandamus* will not issue to compel a county treasurer to make a statement, as required by statute, after his term of office had expired." It does not appear from any statement in the opinion in this case that the respondent, Kirman, was not his own successor in the office of treasurer. It would be natural to assume from the opinion that he was, because in the title of the action he is designated "Treasurer of Storey County." The record in the case, however, discloses that he was not his own successor, and was not treasurer of Storey County, at the time the proceeding was instituted. The court below may have been misled, from the opinion alone and the way in which the proceeding was entitled, into the belief that it was a case squarely in point, and decisive of the question presented in this case, when, upon the contrary, viewed in the light of the record, it is clearly distinguishable. Neither should that case be regarded as holding that, in every case where an officer has ceased to hold an office, he may not be compelled by

*mandamus* to perform some duty which, from its very nature, is personal to the incumbent, as distinguished from a duty that is purely official, and continuing until performed. (*Finley* v. *Territory*, 12 Okl. 621, 73 Pac. 273; *State* v. *Cole*, 25 Neb. 342, 41 N. W. 245.)

[2] We think it does not appear from the petition that the county treasurer was a necessary party to the proceeding. It is alleged in the petition that the treasurer was at all times and is now ready and willing to join in making the required reports. The demurrer to the petition admits this fact. We see no necessity of making an officer, willing to perform his part in making a joint official report, a party to an action against another officer whose duty it is to join with him in making such report, and who is alleged to be delinquent.

The judgment of dismissal and the order sustaining the demurrer are reversed, and the case remanded.