ALGERNON LEE, Appellant, *v.* MORITZ GRAUBARD, Respondent.

First Department, May 4, 1923.

Judgments — summary judgment — action by duly elected public officer to recover from usurper salary received by latter — motion for summary judgment under Rules of Civil Practice, rule 113, may be made in action of this kind — answer containing denials only and unsupported by affidavits does not show bona fide defense — summary judgment granted.

An action by a duly elected public officer against a usurper to recover the amount of salary paid to the usurper prior to his removal is an action to recover upon a liquidated demand, and, therefore, the plaintiff had the right to move to strike out defendant's answer and for summary judgment under rule 113 of the Rules of Civil Practice.

Summary judgment should have been granted since the denials contained in the defendant's answer, which were unsupported by any affidavits or other proof, were insufficient to show that the defendant has a *bona fide* defense to the action.

APPEAL by the plaintiff, Algernon Lee, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of July, 1922, denying plaintiff's motion for summary judgment.

*Morris Hillquit,* for the appellant.

*Snitkin & Goodman,* for the respondent.

MERRELL, J.:

The action is brought by the plaintiff, Algernon Lee, against Moritz Graubard to recover the sum of $5,500 salary as alderman of the city of New York from the eighth aldermanic district from the 1st of January, 1920, to the 3d of November, 1921. The plaintiff and the defendant were opposing candidates for the office of alderman of the eighth aldermanic district at the general election held in November, 1919, the plaintiff being the regular candidate of the Socialist party, and the defendant the regular candidate of the Democratic and Republican parties for said office. The plaintiff alleges that the board of canvassers of the county of New York,

upon the statement of canvass and tally sheets of the election districts in said aldermanic district, declared the defendant duly elected as alderman at said election, and there was issued to the defendant, and the defendant received, a certificate of election as such member of the board of aldermen; that thereafter and on or about the 5th day of January, 1920, the plaintiff filed with the board of aldermen a notice and statement in writing contesting the election of said defendant to said office, and alleging that the votes had been erroneously and fraudulently counted, and demanding that the defendant be ousted from said office, and that the plaintiff be seated in the place and stead of said defendant as a member of the board of aldermen from said eighth aldermanic district; that the defendant assumed the duties of the office on the 1st day of January, 1920, and continued to hold said office and to draw the salary therefor at the rate of $3,000 per year until the 3d day of November, 1921, on which belated day the board of aldermen adopted a resolution, as the result of the contest which followed plaintiff's notice, directing that the clerk of the board of aldermen strike from the roll of membership of said board the name of the defendant and substitute therefor the name of the plaintiff as alderman from said district; that from the 1st day of January, 1920, until the 1st day of November, 1921, the defendant had drawn from the city of New York the sum of $5,500 as salary for said office. Plaintiff alleges that this sum was received by the defendant to plaintiff's use, and that by reason of the premises the plaintiff was damaged in the sum of $5,500, for which judgment is demanded.

The answer of the defendant denies practically all of the material allegations of the complaint.

The plaintiff thereupon moved to strike out the defendant's answer and for summary judgment in favor of the plaintiff for the amount demanded in the complaint. The court in denying the motion held that rule 113 of the Rules of Civil Practice did not apply to such an action as the present one, and also that by the denials of defendant's answer issues were raised which entitled the defendant to a trial. I think the court erred in denying plaintiff's motion. The action was to recover upon a liquidated demand. There can be no question but that the plaintiff was entitled to receive the salary which the defendant had wrongfully drawn during the twenty-two months that he had usurped the office to which the plaintiff was entitled. That salary concededly amounted to $5,500. That sum belonged to the plaintiff. (*Dolan* v. *Mayor,* 68 N. Y. 274; *Nichols* v. *MacLean,* 101 id. 526; *Kessel* v. *Zeiscr,* 102 id. 114.)

Upon this liquidated demand the plaintiff was entitled to recover as upon an implied contract. The rule is stated in *Gaines* v. *Miller* (111 U. S. 395): " Whenever one person has in his hands money equitably belonging to another, that other person may recover it by assumpsit for money had and received." And in *Bayne* v. *United States* (93 U. S. 642), as follows: " Assumpsit will lie whenever the defendant has received money which is the property of the plaintiff, and which the defendant is obliged by natural justice and equity to refund." This court, in *Sutliffe* v. *City of New York* (132 App. Div. 831), said that: " If it shall appear that during the period of his separation from the service his salary has been paid to a *de facto* officer, he cannot recover the amount from the city but has a right of action over against said officer for money had and received." In *Metropolitan Life Ins. Co.* v. *Read* (168 App. Div. 828) this court said: " The rule is an equitable one, having its origin in the desire of the court to do justice between parties. As stated by Lord MANSFIELD in *Moses* v. *Macferlan* (2 Burr, 1005): ' If the defendant be under an obligation, from the ties of natural justice, to refund, the law implies a debt and gives this action [assumpsit], founded in the equity of the plaintiff's case, as it were upon a contract.' "

We, therefore, think the court was in error in holding that the action at bar was not one within the purview of rule 113 of the Rules of Civil Practice.

Moreover, we are of the opinion that the denials contained in the defendant's answer were insufficient to raise issues or to defeat the plaintiff's motion. The futility of such denials in opposition to a motion to strike out an answer under rule 113 was considered in *Dwan* v. *Massarene* (199 App. Div. 872), and this court there said that: " The defendant must show that he has a *bona fide* defense to the action, one which he may be able to establish It must be a plausible ground of defense, something fairly arguable and of a substantial character. This he must show by affidavits or other proof. He cannot shelter himself behind general or specific denials, or denials of knowledge or information sufficient to form a belief. He must show that his denial or his defense is not false and sham, but interposed in good faith and not for delay. If he shall show such facts as may be deemed by the judge hearing the motion sufficient to entitle him to defend, this court will not review the order, as we consider that no substantial right of the plaintiff has been violated."

The answer in the present case contains nothing but specific denials. No affidavit is filed by the defendant in opposition to plaintiff's motion, the defendant relying upon the pleadings.

Defendant's answer was insufficient to show that he has a *bona fide* defense to the present action. As was said in *Dwan* v. *Massarene* (*supra*): "He cannot shelter himself behind general or specific denials."

In *General Investment Co.* v. *Interborough R. T. Co.* (235 N. Y. 133) the constitutionality of rule 113 was passed upon and sustained by the Court of Appeals.

For the reasons aforesaid I think the order appealed from should be reversed, with ten dollars costs and disbursements, and the plaintiff's motion granted, with ten dollars costs.

FINCH and McAVOY, JJ., concur.

CLARKE, P. J.:

It is clear that if the motion had been made under rule 112 of the Rules of Civil Practice the plaintiff would have been entitled to judgment. I, therefore, concur in the result.

PAGE, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.