EDWARD F. CASSIDY, Appellant, *v.* TIMOTHY J. SULLIVAN, Respondent.

First Department, May 4, 1923.

Judgments — summary judgment — action by duly elected public officer to recover salary paid to usurper — denials and defense that defendant acted in reliance on certificate of election not sufficient to show bona fide defense on motion for summary judgment under Rules of Civil Practice, rule 113.

In an action by a duly elected public officer to recover from a usurper the salary paid him prior to his removal, general denials and a defense that the defendant acted in reliance upon a certificate of election are not sufficient to show a *bona fide* defense to the action and, therefore, plaintiff's motion for summary judgment under rule 113 of the Rules of Civil Practice should have been granted.

APPEAL by the plaintiff, Edward F. Cassidy, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of July, 1922, denying plaintiff's motion for summary judgment.

*Morris Hillquit,* for the appellant.

*Samuel Ecker,* for the respondent.

MERRELL, J.:

The facts are identical with those in the case of *Lee* v. *Graubard* (205 App. Div. 344), herewith decided, except that there are

different parties, this controversy relating to the election of alderman in the twentieth aldermanic district, and except that the answer of the defendant, by way of a separate and distinct defense, alleges that acting in pursuance of and in reliance upon the certificate of election issued to the defendant by the board of canvassers of the county of New York declaring the defendant to have been elected to the office as the member of the board of aldermen for the twentieth aldermanic district of the county and city of New York at the general election in November, 1919, that defendant duly qualified, was seated and discharged his duties as such alderman for a certain period, and that the moneys received by the defendant from the city of New York during said period were paid to him for his services rendered as a member of the board of aldermen; that the board of canvassers of the county of New York had jurisdiction and power to issue the certificate of election to the defendant as aforesaid, and that all of the acts done and performed by the defendant of which the plaintiff complains were so done and performed by him in reliance upon the said certificate of election issued to him.

Aside from denials this is the only defense alleged and set forth in said answer. I do not think that thereby it appears that the defendant has a *bona fide* defense to the action, nor that the alleged defense is " fairly arguable and of a substantial character." (*Dwan* v. *Massarene*, 199 App. Div. 872.) The plaintiff is entitled to recover of the defendant the salary paid to the latter during the term of his usurpation of the office to which the plaintiff was entitled. (*Dolan* v. *Mayor*, 68 N. Y. 274; *Nichols* v. *MacLean*, 101 id. 526; *City of New York* v. *Voorhis*, 129 N. Y. Supp. 833.)

For the reasons stated in *Lee* v. *Graubard*, the order appealed from should be reversed, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs.

FINCH and McAVOY, JJ., concur.

CLARKE, P. J.:

It is clear that if the motion had been made under rule 112 of the Rules of Civil Practice the plaintiff would have been entitled to judgment. I, therefore, concur in the result.

PAGE, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.