[No. 21361. Department One. December 10, 1928.]

THE STATE OF WASHINGTON, *on the Relation of John H. Dunbar, Plaintiff*, v. CHARLES R. MAYBURY, *et al., Respondents.*[1]

·*The Attorney General* and *L. B. Donley, Assistant,* for relator.

FRENCH, J.—This is an original application for a writ of mandate made on the relation of John H. Dunbar, *Attorney General,* against Charles R. Maybury, C. B. Utterback and A. B. Ford, as members of the committee appointed by the governor of the state of Washington to hear and determine charges brought against Dr. A. M. Loughney, a licensed practitioner of osteopathy under the laws of the state of Washington.

[1]Reported in 272 Pac. 720.

The facts giving rise to the controversy as set out in the affidavit are practically as follows: In August, 1926, there was made and filed with Charles R. Maybury, as director of licenses, certain charges of unprofessional conduct against A. M. Loughney, as osteopathic physician; thereafter, pursuant to Rem. Comp. Stat., § 10861, the governor of the state of Washington was requested to and did appoint C. B. Utterback and A. B. Ford as members of a committee to act with Charles R. Maybury, as director of licenses, for the purpose of hearing and determining the charges made against Dr. Loughney.

A citation was issued and pursuant thereto Dr. Loughney appeared before the board and by his attorney questioned the constitutionality of the law under which the committee was attempting to proceed, which questions were thereafter duly presented to this court and decided adversely to the contention of Dr. Loughney, a full history of the matter being contained in *Loughney v. Maybury*, 145 Wash. 146, 259 Pac. 17.

Thereafter a further citation was issued, Dr. Loughney again appearing before the committee and tacitly and practically admitted the facts stated in the charging part of the complaint filed against him. The gist of the charges was that Dr. Loughney had been advertising in a way prohibited by the laws of the state of Washington. The committee thereupon issued an order dismissing the proceedings, and refused to revoke the license of Dr. Loughney as an osteopath physician and surgeon. Some time thereafter application was made for this writ.

It is the theory of the relator that the mandate of the statute is plain, and that the committee has no discretion in this case but must revoke the license. Rem. Comp. Stat., § 10062.

Passing for the moment the question as to whether

or not this court has original jurisdiction under the provision of our constitution which provides that ''The supreme court shall have original jurisdiction in habeas corpus, quo warranto and mandamus as to all state officers,'' and conceding that, during the term of service, the two members of this committee appointed by the governor are state officers, yet we are confronted by the provision of our statute which reads as follows:

''Whenever there shall be filed with the director of licenses any complaint charging that the holder of any license has been guilty of any act or omission which by the provisions of the law under which the license was issued would warrant the revocation of his license, such complaint, being verified in the manner provided by such law, the director of licenses shall request the governor to appoint, and the governor shall appoint, two qualified practitioners of the profession or calling of the person charged, who with the director shall constitute a committee to hear and determine the charges and, in case the charges are sustained, to impose the penalty provided by law. The decision of any two members of such committee shall be the decision of the committee . . .'' Rem. Comp. Stat., § 10861.

It plainly appears from the affidavit herein filed that the two members of the committee appointed by the governor are not now, and were not at the time the application was made for this writ, members of any committee. The committee which heard the charges against Dr. Loughney had made its final order. Its duties ended. The committee disbanded and in case any other or further action is taken relative to revoking the license of Dr. Loughney, or any other person, a new committee will have to be appointed. It will be noticed that, under the provisions of our statute,

". . . the decision of any two members of such committee shall be the decision of the committee."

Before a writ of mandate can issue, it is necessary that there be some person whose duty it is to perform the act the performance of which is sought by the writ. *State ex rel. Carpenter v. Beloit,* 21 Wis. 280, 91 Am. Dec. 474; *Barkley v. Levee Commissioners,* 93 U. S. 258.

There is now no committee in existence. The committee met, heard the charges and rendered its decision.

It might well be argued that it was the intention of the legislature that the rights of the state of Washington should be left entirely to the committee. Rem. Comp. Stat., § 10864, provides that any person aggrieved by any action of such committee may appeal to the superior court of Thurston county,

". . . which appeal shall be taken, prosecuted, heard, and determined, as near as may be, in the manner provided by law for taking, prosecuting, hearing and determining appeals from justices' courts to superior courts."

No right of appeal is given to any person excepting the person aggrieved by the decision of the committee. The same section also provides that

"No appeal shall lie from the decision of the superior court of Thurston county on such appeals from the director of licenses, but such decisions may be reviewed as to matters of law by the supreme court . . ."

Should this writ be granted, we might easily have the anomalous situation of the committee revoking the license because of the order of this court and the matter being appealed to the superior court of Thurston county, the Thurston county court might restore the license and from such decision there would be no right

of appeal by either side. We think it the clearly ex-
pressed intention of the legislature to leave to the de-
cision of the committee the questions relative to grant-
ing and revoking. licenses subject only to the appeal
right given to an aggrieved party ·by § 10864, *supra.*

We think it also apparent that there is no person,
board, officer or committee now in existence who could
carry out the mandate of the court should the writ
issue.

Writ denied.

FULLERTON, C. J., PARKER, MITCHELL, and TOLMAN,
JJ., concur.